IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NUUH AMIR NA'IM, (TDCJ-CID #1561288) | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-13-0686 |
| RICK THALER, | § § § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

Petitioner, Nuuh Amir Na'im, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging convictions in Dallas County, Texas and Jefferson County, Arkansas. Because Na'im failed to exhaust state court remedies as to his Texas conviction and because his guilty plea waived nonjurisdictional defects as to his Arkansas convictions, this federal petition is dismissed. The reasons for these rulings are set forth more fully below.

**I.  Background**

On February 27, 2009, Na'im was convicted of aggravated kidnapping in Harris County, Texas, and sentenced to a prison term of eight years. (Cause Number F-0856903-Y).

On March 1, 2012, S. Kyle Hunter, the prosecuting attorney for Jefferson County, Arkansas, filed a request for temporary custody of Na'im pursuant to the Interstate Agreement on Detainers Act ("IADA"). (Docket Entry No. 1, Federal Petition, p. 11). Na'im was transported to Jefferson County, Arkansas on October 2, 2012. (Docket Entry No. 1, Federal Petition, p. 6). Na'im pleaded guilty to aggravated robbery, rape, burglary and theft in Cause Number CR-2008-4602. Na'im was sentenced to a prison term of twenty-three years. (Docket Entry No. 1, Federal Petition, p. 2).

On January 29, 2013, this court received Na'im's federal petition. Na'im contends that his Arkansas convictions are void because:

(1)   his rights under the IADA were violated because he was not tried within the time specified; and

(2)   trial counsel in Cause Number CR-2008-4602 rendered ineffective assistance by advising Na'im to accept the plea offer instead of moving to dismiss the charge on the ground that the IADA had been violated.

(Docket Entry No. 1, Federal Petition, p. 6).

Though Na'im indicates that he is challenging his Texas conviction for aggravated kidnapping, he does not present any grounds. Rather, he appears to only challenge his Arkansas convictions.

## II.   The Issue of Exhaustion

Prisoners suing under section 2254 are required to exhaust their claims in state court before applying for federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). A state prisoner must exhaust available state court remedies before he can obtain federal habeas corpus relief unless there are circumstances that make the state corrective process ineffective to protect the prisoner's rights. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). In order to exhaust, a petitioner must "fairly present" all of his claims to the state court. *Id.; Duncan v. Henry*, 513 U.S. 364, 365 (1995). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 419-20

(5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998)(citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)).

A federal court should dismiss a state prisoner's federal habeas petition if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The exhaustion requirement gives the states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *McGee v. Estelle*, 704 F.2d 764, 770 (5th Cir. 1983). Congress has codified the doctrine of exhaustion of state remedies, reflecting the policy of federal-state comity. 28 U.S.C. § 2254(b) and (c) provide in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the petitioner "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)(quoting *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988)). A federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete. *Magouirk v. Phillips,* 144 F.3d 348, 357 (5th Cir. 1998)(citing *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996)).

A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

On-line research confirms Na'im has not filed petitions for discretionary review or any applications for post-conviction relief. Na'im does not make any assertions to the contrary. Rather, he concedes that he has not presented any of the claims in his federal petition in a state application for post-conviction relief. (Docket Entry No. 1, Federal Petition, p. 8).

He has neither alleged nor demonstrated any facts that would support a statutory exception to the exhaustion doctrine. Texas law allows Na'im to exhaust his state claims by application for a writ of habeas corpus with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. art. 11.07. This federal petition is dismissed without prejudice for failure to exhaust state court remedies.

### III.    The Claim Based on a Violation of the Interstate Agreement on Detainers Act

Na'im asserts that his right to a speedy trial under the Interstate Agreement on Detainers ("IAD") was violated. (Docket Entry No. 1, Federal Petition, p. 6). Specifically, he claims that his trial was not commenced within 180 days after he requested a final disposition of his indictment as required by Article III(a) of the IAD. *See* TEX. CODE CRIM. PROC. ANN. art. 51.14 (Vernon 1979); 18 U.S.C. App. 2 § 2.

Forty-eight states, the United States, and the District of Columbia entered into the IAD to establish procedures to resolve any outstanding charges one member state may have against a prisoner held by another member state. *New York v. Hill*, 120 S. Ct. 659, 662 (2000). Because the

IAD is an interstate compact sanctioned by Congress under the Compact Clause of Article I, section 10, clause 3 of the United States Constitution, it "is a federal law subject to federal construction." *Id.* (citing *Carchman v. Nash,* 105 S. Ct. 3401, 3403 (1985); *Cuyler v. Adams,* 101 S. Ct. 703, 706-08 (1981)).

A state seeking to bring charges against a prisoner held by another state initiates the process by filing a detainer, which is a request that the institution housing the prisoner notify the state seeking to bring charges when the prisoner's release is imminent or that the institution hold the prisoner until the charging state can take custody of him. *Id.* (citing *Fex v. Michigan,* 113 S. Ct. 1085, 1087 (1993)). After a detainer is filed, the prisoner may request that a final disposition be made in his case. Article III(a). If the prisoner makes such a request, the charging state must bring the prisoner to trial within 180 days, "provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." *Id.* The charging state may also initiate resolution of the charges by requesting temporary custody of the prisoner for that purpose. Article IV(a). In that case, the trial must be initiated "within 120 days of the arrival of the prisoner in the receiving state." Article IV(c). This 120-day period is similarly subject to reasonable and necessary continuances. *Id.* If the trial is not initiated within the specified 120-day or 180-day time period, the indictment against the prisoner must be dismissed with prejudice. Article V(c).

Na'im contends that he initiated the 180-day time period pursuant to Article III(a) with his Motion for a Speedy Disposition filed on February 25, 2011. (Docket Entry No. 1, Federal Petition, p. 16). A voluntary guilty plea waives all non-jurisdictional defects preceding the plea. *See Tollett v. Henderson,* 411 U.S. 258, 265 (1973); *United States v. Jennings,* 891 F.2d 93, 95 (5th Cir. 1989).

This includes errors of constitutional dimension. *See United States v. Broce,* 488 U.S. 563, 573-74 (1989). The only claims that survive a guilty plea are those that implicate the validity of the plea itself. *See Tollett,* 93 S. Ct. at 1608; *United States v. Glinsey,* 209 F.3d 386, 392 (5th Cir.), *cert. denied,* 121 S. Ct. 282 (2000).

By his own admission, Na'im ultimately pled guilty to the charges pending against him in Arkansas. (Docket Entry No. 1, Federal Petition, p. 3). It is well-settled that "[w]hen a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all non-jurisdictional defects in the prior proceedings." *United States v. Stevens,* 487 F.3d 232, 238 (5th Cir. 2007), *cert. denied,* —— U.S. ——, 128 S. Ct. 336 (2007). Consequently, a defendant who pleads guilty thereby waives all alleged violations of the IADA. *See Baxter v. United States,* 966 F.2d 387, 389 (8th Cir. 1992).

## IV. Conclusion

Na'im's challenges to his Texas conviction are DISMISSED for failure to exhaust state court remedies. Na'im's challenges to his Arkansas conviction are DISMISSED because his guilty plea waived all nonjurisdictional defects. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Na'im has not shown that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. This court will not issue a COA.

SIGNED at Houston, Texas, on _____, 2013.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE